UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLIVER-VAUGHN DOUNCE AL DEY,

                    Plaintiff,

          -against-

EYE EXPRESS OPTICAL,

                    Defendant.

22-CV-3861 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is appearing *pro se*, brings this action under various federal and state laws, alleging that Defendant violated his rights. By order dated May 20, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 30 days' leave to replead a claim under Title III of the Americans with Disabilities Act of 1990 (ADA).

## STANDARD OF REVIEW

          The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

          While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –
to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil
Procedure, which requires a complaint to make a short and plain statement showing that the
pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough
facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.
544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow
the Court to draw the inference that the defendant is liable for the alleged misconduct. In
reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.
*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true
"[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal
conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded
factual allegations, the Court must determine whether those facts make it plausible – not merely
possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Oliver-Vaughn Dounce Al Dey invokes both the Court's federal question and
diversity of citizenship jurisdiction and purports to assert claims under multiple federal and state
laws. He sues Eye Express Optical, a private optometrist and retail eyeglass and lens store
located in Bronx County, New York.

The following allegations are taken from the complaint. On February 2, 2022, Plaintiff
went to Eye Express to get replacement lenses for his eyeglasses. An employee named Nicole
told Plaintiff that he was required to wear a mask in the store to help prevent the spread of
Covid-19. Plaintiff states that he was previously told over the phone that he did not need to wear
a mask, "but at appointment by racial decriminalization discriminated against plaintiff at there

office because of medical condition can't breath."[1] (ECF 2, at 1.) Nicole told Plaintiff that if he did not put a mask on she would "call the police or security to have plaintiff remove" from the store. (*Id.*)

Plaintiff alleges that "[t]here was also no sign by consumer affair posted or exempt federal law, office agent in violation 42 USC 12132 section no displayed for exemption violate 241, 242," and that Nicole said "she don't care about the law because its her rules." (*Id.*)

Plaintiff sent Defendant a "notice of claim," which he attaches to the complaint, in which he threatened to sue Defendant "for pain suffering cause by your delay plus punitive damages $100,000." (*Id.* at 4.) Plaintiff's notice stated that if Defendant would "remedy the issue by March 9, 2022" by replacing his lenses, he would withdraw his claim. (*See id.* at 1-2.) Defendant responded by informing Plaintiff that it does not "want to service plaintiff any more." (*Id.* at 2.)

The complaint references several federal and state statutes. For example, under the heading "Jurisdiction," Plaintiff lists 42 U.S.C. §§ 1983, 1985, 1986, 1988; 18 U.S.C. §§ 241, 242; and 42 U.S.C. § 12132. (*See id.* at 1.) He also references several state laws and attaches excerpts from news articles pertaining to mask mandates.

Plaintiff seeks "75,000 dollars fine to be paid the [sic] the government for violation of APA HIPPA the law plus punitive damages disbursement damages to plaintiffs to deny service, statement there no action going on in any court within this matter pertaining to plaintiff knowledge." (*Id.* at 3.)

---

[1] Except where indicated by brackets, the Court quotes the complaint verbatim. All errors are in the original.

**DISCUSSION**

**A.     Claims under 42 U.S.C. § 1983**

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendant Eye Express Optical is a private party and does not appear to work for any state or other government body, the Court dismisses Plaintiff's Section 1983 claims against Defendant for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims under 42 U.S.C. §§ 1985, 1986, 1988**

The Court construes Plaintiff's reference to 42 U.S.C. § 1985, as attempting to assert a claim under Section 1985(3) for conspiring to deprive him of his civil rights. To state a claim of conspiracy under Section 1985(3), a plaintiff must show that there exists: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff' s person or property, or a deprivation of her right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id*. (internal quotation marks

and citation omitted). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Claims under Section 1985 must be alleged "with at least some degree of particularity" and must include facts showing that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004).

Plaintiff also references 42 U.S.C. § 1986. Section 1986 provides a remedy against individuals who "kn[ew] of and ha[d] the ability to aid in preventing a § 1985 conspiracy . . . [and] decline[d] to take steps preventing that conspiracy." *Wahad v. FBI*, 813 F. Supp. 224, 232 (S.D.N.Y. 1993). Claims under this section are only valid "if there is a viable conspiracy claim under section 1985." *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994).

Plaintiff alleges that a single Eye Express employee refused to serve him because he refused to wear a mask while in the store. These allegations do not suggest that there was any conspiracy, or that Defendant took any overt acts in furtherance of a conspiracy to discriminate against him or to violate his federally protected rights. Furthermore, despite Plaintiff's conclusory assertion that he was denied services based on his race, nothing in the complaint suggests the Eye Express employee's directive that Plaintiff wear a mask was motivated by racial or other class-based invidious discriminatory animus. The Court therefore dismisses Plaintiff's conspiracy claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also invokes 42 U.S.C. § 1988. Section 1988 allows a prevailing party in an action enforcing certain civil rights laws to recover reasonable attorney's fees. *See* 42 U.S.C. § 1988(b). Because Plaintiff is not a prevailing party, Section 1988 does not apply.

**C.    Claims under 18 U.S.C. § 241, 242**

Plaintiff purports to assert claims under 18 U.S.C. §§ 241, 242, which are federal criminal statutes. A private individual cannot initiate the arrest and prosecution of another because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Moreover, prosecutors are "immune from control or interference by citizen or court" in exercising their discretion whether to prosecute. *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, Plaintiff cannot prosecute Defendant himself or obtain a court order directing a prosecutor to prosecute Defendant. Plaintiff's claims against Defendant under 18 U.S.C. §§ 241, 242 are therefore dismissed for failure to state a claim on which relief can be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

**D.    Claims under the Americans with Disabilities Act**

Plaintiff also purports to bring claims under the ADA. (*See* ECF 2, at 2.) The statutory provision Plaintiff invokes, 42 U.S.C. § 12132, is a part of Title II of the ADA, which prohibits discrimination by a "public entity." 42 U.S.C. § 12132; *see also* § 12131 (defining "public entity" as any State or local government, any "department, agency, special purpose district, or other instrumentality" of a State or local government, or "the National Railroad Passenger Corporation, and any community authority"). Because Defendant, a private retail establishment, is not a public entity, Plaintiff has failed to state a claim under Title II of the ADA.

Title III of the ADA governs places of public accommodation, and guarantees that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment

of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The definition of "public accommodation" includes retail establishments and the "professional office of a health care provider . . . or other service establishment." 42 U.S.C. § 12181(7).

To state a claim under Title III, a plaintiff must allege, "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008), *cert. denied*, 556 U.S. 1104 (2009). A plaintiff must also allege that the "exclusion or discrimination was due to [the plaintiff's] disability." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (quoting *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003)).

With respect to the third element, "a plaintiff can base a disability discrimination claim on any of 'three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation.'" *Brief v. Albert Einstein Coll. of Med.*, 423 Fed. Appx. 88, 90 (2d Cir. 2011) (quoting *Fulton*, 591 F.3d at 43).

### 1.    Intentional Discrimination

To state a claim for intentional discrimination, or disparate treatment, under the ADA, the plaintiff must allege facts suggesting "that animus against the protected group was a significant factor in the position taken" by defendants. *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 49 (2d Cir. 2002). This "significant factor" standard creates a "mixed-motive" theory of liability in which a plaintiff's disability need not be a but-for cause of a defendant's actions. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 336–37 (2d Cir. 2000). In other words, "the existence of additional factors causing an injury does not necessarily

negate the fact that the defendant's wrong is also the legal cause of the injury," *Henrietta D. v. Bloomberg*, 331 F.3d 261, 278 (2d Cir. 2003) (citation omitted), so long as "the plaintiff can show that the disability was a substantial cause of the exclusion or denial . . . ." *Id.* at 291.

**2.      Reasonable Accommodation**

To bring a reasonable accommodation claim, a plaintiff must show "(1) []he suffers from a disability (2) known to the defendant, for which (3) a reasonable accommodation is necessary for the plaintiff's enjoyment of the facility, and (4) the defendant refused the accommodation." *Lopez v. New York City Dep't of Homeless Servs.*, No. 17-CV-3014, 2019 WL 3531955, at *4 (S.D.N.Y. Aug. 2, 2019), *report and recommendation adopted*, No. 17-CV-3014, 2019 WL 4593611 (S.D.N.Y. Sept. 23, 2019).

**3.      Plaintiff's Allegations**

Here, Plaintiff does not allege sufficient facts to state a claim under the ADA. As a preliminary matter, it is unclear from Plaintiff's allegations whether he has a disability as defined by the ADA. The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Breathing is considered a "major life activity" for ADA purposes. § 12102(2)(A). Plaintiff alleges that he has difficulty breathing while wearing a mask, but he does not identify any physical condition that causes the impaired breathing. Even if the Court could liberally construe Plaintiff's allegations as suggesting that he has an underlying disability that limits his ability to breathe, his ADA claims would fail for other reasons.

First, the complaint does not state a claim for intentional discrimination because it does not suggest that Plaintiff's disability was a motivating or substantial factor in Defendants' decision to deny him service. Plaintiff repeatedly alleges that he was discriminated against based on his race. (*See, e.g.*, ECF 2, at 1, 7.) While disability need not be the only factor motivating the

discrimination, *see Parker*, 204 F.3d at 336–37, to the extent Plaintiff does mention his medical condition, he appears to allege that he was denied services because he refused to wear a mask, not because of a disability, (*see* ECF 2, at 1 (stating that Plaintiff was "punish[ed]" for refusing to comply with "false mask wearing rules")); *see also Fradys v. Rondeau*, No. 21-CV-7891 (JGK), 2022 WL 1289674, at *4 (S.D.N.Y. Apr. 20, 2022) ("[T]he plaintiff does not adequately allege that he was denied access to the facility because of any of [his] disabilities or because of the failure to make reasonable accommodations for his disabilities. To the contrary, the plaintiff specifically alleges that he was denied access to the facility because he refused to wear a mask.").

Second, the complaint alleges no facts suggesting that Plaintiff sought an accommodation for his alleged disability. He alleges that when asked to put on a mask, he refused to do so and demanded the employee "show [him] the law" that required him to wear a mask. (ECF 2, at 4.) Rather than requesting an accommodation, Plaintiff sent Eye Express a "notice of claim" in which he "warn[ed]" it that if it did not replace his lenses before March 9, 2022, he would file suit seeking money damages in federal court. (*See* ECF 2, at 4.)

Plaintiff has therefore failed to state a claim for relief under Title III of the ADA.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### E.    Claims under State Law

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

---

[2] The Court also notes that Plaintiff seeks only money damages, which are not available under the ADA. *See Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 86 (2d Cir. 2004) (stating that Title III of the ADA allows for injunctive relief, but not damages).

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal

claims over which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New*

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522

U.S. 156, 173 (1997)).

**F.      Leave to Amend ADA Claim**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid claim under Title III of the ADA, the Court grants Plaintiff 30

days' leave to amend his complaint to replead his ADA claim.

If Plaintiff repleads his ADA claim, he must allege facts suggesting that (1) he has a

disability as defined by the ADA; (2) Defendant owns, leases, or operates a place of public

accommodation[3]; and (3) Defendant discriminated against Plaintiff within the meaning of the ADA. Because the ADA does not provide for money damages, Plaintiff must also state the injunctive relief he is seeking.

If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead a claim under Title III of the ADA.

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

---

[3] As stated above, a retail establishment or health care office is considered a public accommodation under the ADA.

Should Plaintiff file an amended complaint, he must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-3861 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing Plaintiff's federal law claims for failure to state a claim in which relief may be granted, and declining to consider, under its supplemental jurisdiction, any state law claims Plaintiff may be asserting.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 28, 2022
          New York, New York

                                    /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____                    ____ Civ. _____ ( ____ )

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*         **AMENDED
COMPLAINT**

    **-against-**

                                       Jury Trial:   □ Yes      □ No

_____                                   (check one)

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

**I.**    **Parties in this complaint:**

A.    List your name, address and telephone number.  If you are presently in custody, include your
identification number and the name and address of your current place of confinement.  Do the same
for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name _____

                   Street Address _____

                   County, City _____

                   State & Zip Code _____

                   Telephone Number _____

B.    List all defendants.  You should state the full name of the defendant, even if that defendant is a
government agency, an organization, a corporation, or an individual.  Include the address where
each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1     Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

Defendant No. 2     Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

Defendant No. 3     Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

Defendant No. 4     Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

## II.     **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.     What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions             ☐ Diversity of Citizenship

B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
_____
_____

C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____
_____

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts: _____

_____

What
happened
to you?

_____
_____
_____
_____
_____

Who did
what?

_____
_____
_____

Was anyone
else
involved?

_____
_____

Who else
saw what
happened?

_____
_____
_____
_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

        Signature of Plaintiff     _____

        Mailing Address          _____

                                           _____

                                           _____

        Telephone Number       _____

        Fax Number *(if you have one)*  _____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

        Signature of Plaintiff:   _____

        Inmate Number           _____