UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLIVER-VAUGHN DOUNCE AL DEY,

              Plaintiff,

-against-

EYE EXPRESS OPTICAL,

              Defendant.

22-CV-3861 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint alleging that Defendants violated his rights. By order dated June 28, 2022, the Court dismissed the complaint, but granted Plaintiff 30 days' leave to replead a claim under Title III of the Americans with Disabilities Act of 1990 (ADA). Plaintiff filed an amended complaint on July 20, 2022, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND

      The Court assumes familiarity with the underlying facts of this case as summarized in the Court's June 28, 2022, order. In short, Plaintiff alleges that, on February 2, 2022, he went to Defendant Eye Express Optical to obtain replacement lenses for his eyeglasses. An employee named Nicole told Plaintiff that he must wear a mask in the store, even though Plaintiff was told on the phone prior to the appointment that he did not need to wear a mask. Nicole told Plaintiff that if he did not put on a mask, she would "call the police or security to have plaintiff remove[d]" from the store. (ECF 2, at 1.) Plaintiff asserts that "by racial decriminalization

discriminated against plaintiff at there office because of medical condition can't breath for not wearing a mask."[1] (*Id.*)

Plaintiff then sent Defendant a "notice of claim," which he attaches to the complaint and the amended complaint, in which he threatened to sue Defendant if Defendant did not "remedy the issue" by replacing Plaintiff's lenses by March 9, 2022. (*See id.* at 1-2.) Defendant responded to Plaintiff's "notice" by informing Plaintiff that it no longer wished to provide services to him. In the original complaint, Plaintiff asserted claims under 42 U.S.C. §§ 1983, 1985, 1986, 1988; 18 U.S.C. §§ 241, 242; Title II of the ADA; and claims under state law.

In its June 28, 2022, order of dismissal, the Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 because Defendant is a private party and therefore may not be held liable under Section 1983. (ECF 4, at 4.) The Court dismissed Plaintiff's claims under 42 U.S.C. §§ 1985, 1986, and 1988 because Plaintiff's allegations did not suggest there was any conspiracy, that Defendant took any overt acts in furtherance of a conspiracy to discriminate against Plaintiff or violate his federally protected rights, and nothing in the complaint suggested that Defendant's directive that Plaintiff wear a mask was motivated by racial or other class-based invidious discriminatory animus. (*See id.* at 4-6.) The Court dismissed Plaintiff's claims under 18 U.S.C. §§ 241, 242 because those provisions are federal criminal statutes and an individual cannot initiate the arrest or prosecution of another. (*See id.* at 6.)

The Court also dismissed Plaintiff's claims under Title II of the ADA because Defendant is not a public entity, but granted Plaintiff leave to replead a claim under Title III of the ADA, which governs discrimination against people with disabilities by places of public

---

[1] Except where indicated by brackets, the Court quotes the complaint and amended complaint verbatim. All errors are in the original.

accommodation. (*See id.* at 6-9.) Specifically, the Court advised Plaintiff that if he repleads his ADA claim, he must allege facts suggesting that (1) he has a disability as defined by the ADA; (2) Defendant owns, leases, or operates a place of public accommodation; and (3) Defendant discriminated against Plaintiff within the meaning of the ADA. (*See id.* at 10-11.) Furthermore, because the ADA does not provide for money damages, the Court directed Plaintiff to state the injunctive relief that he is seeking.

Finally, the Court declined to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. (*See id.* at 9-10.)

In the amended complaint, Plaintiff restates many of the same allegations included in the original complaint. For example, he alleges that

> as a result by racial decriminalization discriminated against plaintiff at there office, because of [h]is disability condition can't breath, for not wearing a mask, Nicole, and john doe supervisor threaten if he did not put a mask on, she would call the police or security to have plaintiff remove, no statue under color of law, violation Title 7 1964 civil right Act.

(ECF 5, at 1-2.) The amended complaint also quotes the ADA's definition of a "disability" under the law, and alleges that Plaintiff "has a heart disease" and "has breathing issues, working." (*Id.* at 3.) Plaintiff also alleges that he "cannot see properly without glasses." (*Id.* at 2.)

Plaintiff seeks compensatory and punitive damages. (*See id.* at 3.)

## DISCUSSION

**A.     Plaintiff's Litigation History and Bar Order**

It has come to the Court's attention that Plaintiff is barred under 28 U.S.C. § 1651 from filing new actions IFP in this court without permission from the court.[2] *See Douce v. City of New*

---

[2] Because Plaintiff's last name is misspelled as "Dounce" on the docket, the Court only recently discovered Plaintiff's litigation history.

3

*York*, ECF 1:16-CV-3108, 6 (S.D.N.Y. July 12, 2016). The bar order was entered after Judge Preska determined that Plaintiff had filed numerous cases that were dismissed in this court and other courts under the names Oliver Douce, Oliver Al Dey, and Peter Parkins. *See id.*, ECF 1:16-CV-3108, 4 (S.D.N.Y. May 20, 2016). Pursuant to the bar order, Plaintiff is required to file along with a proposed complaint, a motion for leave captioned "Application Pursuant to Court Order Seeking Leave to File," as well as a copy of the bar order. *Id.*, ECF 1:16-CV-3108, 6, at 3.

Plaintiff filed this action and sought IFP status, but he did not file a motion for leave to file the complaint and he did not attach a copy of the July 12, 2016, bar order to his filing. Accordingly, the Court may revoke Plaintiff's IFP status and dismiss this action for Plaintiff's failure to comply with the July 12, 2016, bar order. Even if Plaintiff had sought and been granted permission to bring this action, the Court dismisses the amended complaint for the reasons set forth below.

**B.     Claims Previously Dismissed**

To the extent the amended complaint reasserts federal claims other than claims under the Title III of the ADA that the Court previously dismissed in its June 28, 2022, order, the Court dismisses those claims for the reasons stated in the June 28, 2022, order.

**C.     Title III of the Americans with Disabilities Act**

Title III of the ADA governs places of public accommodation, and guarantees that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The definition of "public accommodation" includes retail establishments and the "professional office of a health care provider . . . or other service establishment." 42 U.S.C. § 12181(7).

4

To state a claim under Title III, a plaintiff must allege, "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008), *cert. denied*, 556 U.S. 1104 (2009). A plaintiff must also allege that the "exclusion or discrimination was due to [the plaintiff's] disability." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (quoting *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003)).

With respect to the third element, a plaintiff can base a disability discrimination claim by alleging that a defendant intentionially discriminated against him or failed to reasonably accommodate a disability. *Brief v. Albert Einstein Coll. of Med.*, 423 Fed. Appx. 88, 90 (2d Cir. 2011) (quoting *Fulton*, 591 F.3d at 43).[3]

To state a claim for intentional discrimination or disparate treatment under the ADA, the plaintiff must allege facts suggesting "that animus against the protected group was a significant factor in the position taken" by a defendant. *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 49 (2d Cir. 2002). This "significant factor" standard creates a "mixed-motive" theory of liability in which a plaintiff's disability need not be a but-for cause of a defendant's actions. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 336–37 (2d Cir. 2000). In other words, "the existence of additional factors causing an injury does not necessarily negate the fact that the defendant's wrong is also the legal cause of the injury," *Henrietta D. v. Bloomberg*, 331 F.3d 261, 278 (2d Cir. 2003) (citation omitted), so long as "the plaintiff can show that the disability was a substantial cause of the exclusion or denial . . . ." *Id.* at 291.

---

[3] Although not relevant here, a plaintiff can also establish a disability discrimination claim on a disparate impact theory.

To bring a reasonable accommodation claim, a plaintiff must show "(1) []he suffers from a disability (2) known to the defendant, for which (3) a reasonable accommodation is necessary for the plaintiff's enjoyment of the facility, and (4) the defendant refused the accommodation." *Lopez v. New York City Dep't of Homeless Servs.*, No. 17-CV-3014, 2019 WL 3531955, at *4 (S.D.N.Y. Aug. 2, 2019), *report and recommendation adopted*, No. 17-CV-3014, 2019 WL 4593611 (S.D.N.Y. Sept. 23, 2019).

Here, Plaintiff's allegations in the amended complaint suffer from the same deficiencies as the original complaint as discussed in the Court in its June 28, 2022, order of dismissal. Plaintiff fails to allege facts suggesting that he has a disability as defined by the ADA. The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12101(1)(A). In the amended complaint, Plaintiff alleges that he suffers from "a heart disease [and] breathing issues" and that he "cannot see properly without glasses." (ECF 5, at 2.) He also alleges that wearing a mask "causes decrease in oxygen and health and fainting." (*Id.* at 3.) Like the original complaint, the amended complaint fails to allege any underlying physical condition that causes Plaintiff's impaired breathing. While he now also alleges an unspecified "heart disease" and problems with his vision, he does not allege facts suggesting that either of these conditions limit major life activities.[4] Even if the Court liberally construed Plaintiff's allegations as suggesting he has an underlying disability that limits his ability to breathe, the amended complaint fails to state a claim because Plaintiff has not cured the other deficiencies identified in the Court's June 28, 2022, order of dismissal.

---

[4] Nor does Plaintiff allege any facts explaining how his heart problems or limited vision are related to his allegedly being denied service for his refusal to wear a mask in the store.

6

First, the amended complaint does not state a claim for intentional discrimination because it does not suggest that Plaintiff's disability was a motivating or substantial factor in Defendants' decision to deny him service. The amended complaint, like the original complaint, appears to allege that Plaintiff was denied services because he refused to wear a mask, not because of a disability. (*See* ECF 5, at 1 (alleging that Defendant sought to "punish" Plaintiff "for refuse, false mask wearing rules that have no force of law" and asserting that Defendant has no authority to "enforce mask wearing on people")); *see also Fradys v. Rondeau*, No. 21-CV-7891 (JGK), 2022 WL 1289674, at *4 (S.D.N.Y. Apr. 20, 2022) ("[T]he plaintiff does not adequately allege that he was denied access to the facility because of any of [his] disabilities or because of the failure to make reasonable accommodations for his disabilities. To the contrary, the plaintiff specifically alleges that he was denied access to the facility because he refused to wear a mask."). To the extent that Plaintiff alleges that he was discriminated against on the basis of a disability, those allegations are wholly conclusory and do not support a plausible claim of discrimination under the ADA. (*See, e.g.*, ECF 5, at 1 ("[D]efendant in connection as state actors by deprived medical service for disablitity").

Second, the amended complaint does not allege facts suggesting that Plaintiff sought a reasonable accommodation for his alleged disability. Rather than requesting an accommodation, Plaintiff sent Defendant a "notice of claim" in which he stated that, if Defendant did not replace his lenses before March 9, 2022, he would file suit seeking money damages in federal court. (*See* ECF 5, at 2.)

Finally, the amended complaint seeks only money damages despite the Court's advising Plaintiff in its June 28, 2022, order that the ADA does not provide for money damages, and he must therefore state the injunctive relief that he is seeking.

7

The Court therefore dismisses Plaintiff's claims under Title III of the ADA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Claims under State Law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**E.     Further Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

Plaintiff remains barred under 28 U.S.C. § 1651 from filing any new action IFP without seeking permission of the court to file. *See Douce v. City of New York*, ECF 1:16-CV-3108, 6 (S.D.N.Y. July 12, 2016).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to issue judgment in this case.

SO ORDERED.

Dated:   August 12, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge